# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEREMY DARNELL MORTON,

    Defendant-Appellant.

UNPUBLISHED
August 14, 2018

Nos. 339601; 339900
Muskegon Circuit Court
LC No. 17-000934-FC

AFTER REMAND

Before: RONAYNE KRAUSE, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Defendant, Jeremey Darnell Morton, is pending trial for murder arising out of the shooting death of Darnell Byrd in Muskegon Heights on September 5, 2015. This Court in its prior opinion resolved most of the parties' interlocutory appeals regarding various pretrial rulings of the trial court. *People v Morton*, unpublished per curiam opinion of the Court of Appeals, issued May 24, 2018 (Docket Nos. 339601; 339900). But, this Court remanded to the trial court for a particularized determination of the validity of the assertion by the prosecution's main witness, Josiah Fousse, of his right to remain silent under the Fifth Amendment. *Id*. at 4-5. We also declined to address the trial court's ruling permitting the prosecution to admit the preliminary examination testimony of Fousse as a result of the court's ruling precluding Fousse's testimony at trial after finding his claim of privilege was valid. *Id*. at 4.

The prosecution contends that defendant ordered Fousse and Kierelle Burns to kill Byrd. Fousse is the prosecution's main witness pursuant to his guilty plea to second-degree murder regarding Byrd's death and to assault with intent to murder regarding a shooting on August 30, 2015 at East Park Manor. During pretrial hearings on the parties' various motions in limine, it came to light that Fousse had been indicted in Ohio regarding a robbery and murder in Cincinnati that occurred on November 16, 2013, and that Byrd had also allegedly participated. Defendant desired to cross-examine Fousse regarding the Ohio murder, contending that Fousse killed Byrd for his own purposes to silence him regarding the Ohio murder. This resulted in Fousse asserting the Fifth Amendment, the trial court ruling that privilege assertion was valid, and therefore, barring Fousse from testifying at trial. The trial court also ruled that the prosecution could admit Fousse's preliminary examination testimony. This Court concluded that the trial court had failed to conduct a particularized inquiry regarding Fousse's privilege assertion. See *Morton*, unpub op at 3, citing *People v Joseph*, 384 Mich 24, 29-30; 179 NW2d 383 (1970), and *United States v Castro*, 129

F3d 226, 229 (CA 1, 1999). This Curt also declined to address the admissibility of Fousse's prior testimony, reasoning as follows:

> Because we remand this case to the trial court to conduct a particularized inquiry into the validity of Fousse's Fifth Amendment privilege, we decline to address whether the trial court erred in concluding that his preliminary examination testimony could be admitted at trial. Moreover, additional information is now available to assist the trial court in ruling on that issue, should the trial court again conclude, after a particularized inquiry, that precluding Fousse from testifying is necessary to protect his privilege against self-incrimination while also protecting defendant's confrontation rights. [*Morton*, unpub op at 4.]

The trial court conducted a hearing on remand on June 15, 2018 at which Fousse was represented by his Michigan attorney. At the hearing, a letter from Fousse's Ohio attorney outlining Fousse's agreement with Ohio authorities—that Fousse would not serve any more time incarcerated in that State than Fousse would receive and serve in this State regarding the charges to which he had pleaded guilty—was admitted in evidence. Fousse also testified under oath at the hearing and waived his Fifth Amendment privilege against self-incrimination with respect to the Ohio murder and with respect to the shooting on August 30, 2015 at East Park Manor. Defense counsel submitted 50 individual questions to the trial court that he desired to cross-examine Fousse about regarding the Ohio murder and the shooting at East Park Manor. The trial court presented each question to Fousse who testified as to each question that he would not assert his Fifth Amendment privilege to remain silent. After Fousse waived of his privilege, the prosecutor solicited Fousse's answers to defense counsel's questions and asked some additional questions that Fousse answered. Defense counsel was also afforded several opportunities to further question Fousse.

Following the hearing, the trial court issued its order on June 22, 2018, ordering that:

> Josiah Fousse be made to be available to testify at trial and may be questioned on matters pertaining to the "Ohio matter" as well as matters pertaining to the incidents at East Park Manor that occurred in Muskegon on August 30, 2015. Based on the above ruling, this Court's August 4, 2017 order admitting Fousse's preliminary examination testimony is VACATED as moot.

Consequently, the trial court has fully complied with this Court's mandate and has resolved all remaining issues that were presented to this Court.

We affirm and remand this matter to the trial court for further proceedings. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Michael J. Riordan

-2-